521 So.2d 232 (1988)
CONTINENTAL INSURANCE COMPANY, Appellant,
v.
CITY OF MIAMI BEACH, a Municipal Corporation, Appellee.
No. 87-80.
District Court of Appeal of Florida, Third District.
February 23, 1988.
Rehearing Denied April 1, 1988.
Corlett, Killian, Hardeman, McIntosh & Levi and Robert A. Mercer, Miami, for appellant.
*233 Gaebe, Murphy & Mullen and Michael Murphy, Coral Gables, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
We affirm a summary judgment entered in favor of the insured city. The trial court in effect found that, as a matter of law, the city did not mutually agree to the appointment of an independent counsel to defend an action against the city pursuant to the provisions of Section 627.426(2)(b)(3), Florida Statutes (1985). An underlying action was brought by one Reilly, against the city. The city served a copy of the complaint on its carrier, Continental. Continental responded with a letter setting forth that it might, in the future, contest coverage, and that it had appointed its own lawyer to defend the Reilly matter.[1] Approximately six months later the carrier notified the city that it was not responsible for any punitive damage claim in the Reilly lawsuit. Approximately eleven months after receiving a copy of the complaint in the Reilly matter, the carrier instituted a declaratory decree action against the city to determine coverage. Following a taking of the deposition of counsel appointed by Continental in the Reilly matter, it appeared that at no time did Continental ask for the city's approval as to the independent counsel or keep the city apprised of the progress of the Reilly case. The trial court then entered a summary judgment in favor of the city finding non-compliance with Section 627.426(2)(b)(3), Florida Statutes (1985).
We affirm. The carrier not having requested the insured to agree as to the independent counsel, mutual acceptance by the city cannot be established by acquiescense in the handling of the Reilly lawsuit, as the city was not apprised of the status as it proceeded. There can be no acquiescense without knowledge.
Therefore for the reason above stated the final summary judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The letter in part reads as follows:

"For the purposes of entering a defense on your behalf, we have referred this case to our attorneys, Peters, Flynn, Niemoeller and Downs, P.A., Suite 628 Ingraham Building, 25 Southeast Second Avenue, Miami, Florida XXXXX-XXXX. Telephone Number: [305] 374-3103".